IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL THOMAS LANAHAN, | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-16-822 |
| TOM LEWIS, et al., | * | |
| Respondents | * | |

***

MEMORANDUM

On March 17, 2016, petitioner Daniel Thomas Lanahan, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF 1. Petitioner challenges the *nolle prosequi* entered in 2002 by the Circuit Court for Baltimore County in Case Number 03K01004215.[1] *Id.*, p. 1.

Under 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added). Federal habeas relief is unavailable where a petitioner "suffers no present restraint from a conviction." *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). As Lanahan is not in custody under the judgment he challenges, his petition shall be dismissed.

Petitioner also indicates he wishes to have the charges expunged. ECF 1. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.

---

[1] A review of the Maryland Judiciary Case Search indicates that petitioner was charged with attempted robbery and second degree assault on November 21, 2001. A *nolle prosequi* was entered as to both charges on April 2, 2002. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=3C00157279&loc=29&detailLoc=DSCR

However, this federal district court has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to expunge petitioner's record. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969). Therefore, petitioner's request for mandamus relief shall be denied.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Lanahan has not met this standard. By separate Order which follows the petition for writ of habeas corpus shall be dismissed and a Certificate of Appealability denied.

\_\_\_4/15/16_____
Date

_____
J. Frederick Motz
United States District Judge

A.IId3l:
AT BALTIMORE
CLERK'S OFFICE
2016 APR 15 AM 11:37
U.S. DISTRICT COURT
DISTRICT
FILED